Jerome **GOFORTH**, Appellant,

v.

A. L. **DUTTON**, Warden, Georgia State Prison, Appellee.

No. 26061.

United States Court of Appeals Fifth Circuit.

March 27, 1969.

**652**

A. Martin Kent, Savannah, Ga., for appellant.

Arthur K. Bolton, Atty. Gen., Mathew Robins, William R. Childers, Jr., Asst. Attys. Gen., G. Ernest Tidwell, Executive Asst. Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

FISHER, District Judge:

Appellant, a Georgia State prisoner, is presently serving a 20 year sentence for the offense of robbery. He sought habeas corpus relief in the district court on the ground that he was denied right to counsel on appeal from this conviction in violation of the Sixth and Fourteenth Amendments. The court denied relief after a hearing, and this appeal was taken upon the court's issuance of a certificate of probable cause and order allowing the appeal in forma pauperis.

Immediately following the verdict, appellant's retained counsel informed him that he had every ground for a new trial and that his conviction would be appealed. Counsel's analysis is somewhat supported by the trial judge's statement from the bench conceding that a motion for mistrial should possibly have been granted.[1] A few days later, counsel confirmed his earlier statement by a letter to appellant saying, "There is no question but what we have grounds for a new trial." The letter also advised appellant that a motion for a new trial had been filed and a hearing date assigned. The letter did make it clear, however, that counsel would not proceed with the appeal without assurance in advance that he would be paid.

Appellant was returned to the county jail on the day of the hearing on the motion for new trial. He talked with his attorney and informed him that he did not have any money to pay for the trial or for the appeal. Appellant testified that he then declined to take the suggestion of his attorney that he enter a plea and possibly take a reduced sen-

---

1. The motion for mistrial pertained to the admission of statements made by co-indictees for the offense of which Goforth was being tried. After argument from both sides, the court concluded: "I am very much afraid it would be the type of information that would be difficult to dismiss from their minds. I am very much afraid it is prejudicial error."

tence, whereupon his attorney left telling appellant that he would return and see him later. Appellant never heard from his attorney again, and was never notified that his appeal was being abandoned. Testifying further, appellant admitted that he never requested an appointed attorney because of ignorance of the state indigency laws and because he was of the opinion that his appeal was being continued by his retained counsel.

Later, and after the time for an appeal had expired, appellant's attorney petitioned the sentencing court and was paid a fee of $250.00 by the state for his representation during the trial of appellant as an indigent.

The question presented is whether the appellant has been denied his constitutional right of an appeal under the Sixth and Fourteenth Amendments. In Beto v. Martin, 396 F.2d 432 (5th Cir. 1968), Judge Bell succinctly stated the established rule in this circuit that where the defendant is represented by retained counsel at the trial there are two prerequisites in showing denial of counsel for purposes of appeal:

> "First, it must be known to the court that the criminal defendant is indigent. Second, it must be known to the court that the defendant wishes to appeal." Id. at 434.

Applying the *Martin* test strictly, it is clear that the trial court neither knew that appellant was indigent nor that the post-conviction process was progressing in a manner unsatisfactory to appellant until after the time for appeal had expired. The trial court was helpless to prevent what happened, and was warranted in believing that appellant's retained counsel would perfect an appeal in behalf of the appellant. However, when counsel petitioned the sentencing court for a fee to be paid by the state for representing the appellant as an indigent and was paid, the presentation of appellant's defense became "state action" and the entire proceeding must pass muster under constitutional standards relating to indigents. That is, appellant's trial counsel must be considered as "appointed" counsel for an indigent for all purposes rather than as retained. Thus, the *Martin* test would not be directly applicable or determinative in this case.

Considering appellant as an indigent with appointed counsel, it is clear that the Supreme Court has pointed out again and again that an indigent defendant is entitled to the appointment of counsel to assist him on his first appeal and that appointed counsel must function in the active role of an advocate. Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1966); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1968). The case would thus be controlled by Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966) which involved a closely similar factual situation. Simpson was convicted of murder in a Florida state court. He had been represented originally by counsel chosen by his family, but appointed by the court when Simpson and his family became unable to pay him. Counsel deliberately failed to move for a new trial or to file a notice of appeal, although he considered that meritorious grounds were present. He further failed to advise Simpson of such grounds or of the jurisdictional time limitation within which a motion for new trial or notice of appeal might be filed. The Court held:

> "However laudable his motive, court-appointed counsel for Simpson had no authority, without consulting with or obtaining the consent of his client, deliberately to forego Simpson's right to move for a new trial or to appeal. When he did so, counsel proved himself ineffective. More, he completely abdicated his function and deprived Simpson of the aid of any counsel at a critical state of the criminal proceeding." Id. at 309–310.

Further, this case is indistinguishable in principle from Byrd v. Smith, 407 F.2d 363, 5th Cir. 1969. In that case where the petitioner had cause to believe state appointed counsel would perfect and prosecute an appeal, this court's approach was simply to apply the guidelines established by the Supreme Court for counsel appointed to prosecute an appeal from a criminal conviction in state court. cf. Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

■ The Petitioner Goforth's conviction cannot stand in its present posture as he was deprived of adequate representation of counsel on appeal in violation of the Fourteenth Amendment. It is difficult to conceive of a case of more extreme prejudice than one where, as here, an accused is, through no fault of his own, precluded from challenging a conviction which his attorney has advised to be invalid. Well aware that the Federal court should proceed with caution and due respect for state processes, we believe we cannot disregard the apparent fact that appellant's fundamental right to assistance of counsel concerning his right to appeal was not adequately safeguarded. We therefore remand this case to the United States District Court and direct that the case be held in abeyance for not longer than 90 days from the date of the issuance of the mandate within which time the State of Georgia by whatever procedure is necessary may grant appellant leave to appeal out of time and provide him assistance of counsel or a new trial with assistance of counsel, in which event this proceeding shall thereupon be dismissed.[2] If the state of Georgia fails to grant appellant his appeal or new trial with appointed counsel within said period of time, the writ shall issue discharging petitioner.

Reversed and remanded.

2. See the following cases providing for out of time appeals: Martin v. Beto, 396 F. 2d 432 (5th Cir. 1968); LeMaster v. Beto, 387 F.2d 612 (5th Cir. 1967); Schwander v. United States, 386 F.2d 20 (5th Cir. 1967); Lyles v. United States,

346 F.2d 789 (5th Cir. 1965); Brewen v. United States, 375 F.2d 285 (5th Cir. 1967); Bray v. United States, 370 F.2d 44 (5th Cir. 1966); Camp v. United States, 352 F.2d 800 (5th Cir. 1965).