Andrew ROUGHT, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden,
Respondent-Appellee.

No. 71–1019.

United States Court of Appeals,
Fifth Circuit.

July 6, 1971.

Andrew Rought, pro se.

John P. Volz, Asst. Dist. Atty., Parish of Orleans, Bryon P. Legendre, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

**PER CURIAM:**

█ This appeal is taken from an order of the district court denying habeas corpus relief to a Louisiana state prisoner. We reverse and remand.[1]

█ Appellant, represented by court-appointed counsel, was convicted upon trial by jury of simple burglary. He was sentenced on January 25, 1967, to seven years imprisonment. No direct appeal was taken. After exhausting state remedies, appellant filed his habeas petition in the United States district court alleging that his trial counsel was incompetent for failing to visit him until the day of the trial, to file a timely motion to suppress, to call witnesses in appellant's behalf, and to file a direct appeal. Appellant also alleged that evidence was introduced at his trial which was derived from an illegal arrest, search and seizure, and that he was unconstitutionally prosecuted on a bill of information, not on an indictment returned by a grand jury as provided in the Fifth Amendment. The district court held an evidentiary hearing with appellant present and represented by court-appointed counsel. From the evidence adduced at the hearing, the court below found that trial counsel was competent in that counsel's investigator had interviewed appellant prior to trial, that the contested evidence was objected to during the trial and a hearing on its admissibility was then held, and that appellant was unable to give names or the whereabouts of any witnesses in his behalf. The court also found that the arrest, search and seizure were valid. A careful reading of the record and transcripts in this case reveals no clear error in these findings of fact. Nor were appellant's rights violated by his prosecution on a bill of information rather than on a grand jury indictment. Henderson v. Cronvich, 5th Cir. 1968, 402 F.2d 763;

Saunders v. Buckhoe, 6th Cir. 1965, 346 F.2d 558; Blakesley v. Crouse, 10th Cir. 1964, 332 F.2d 849.

█ However, the district court failed to make findings concerning appellant's alleged deprivation of a direct appeal by the inaction of his counsel. At the hearing below, appellant testified that he requested counsel to ask for a new trial. Appellant stated that he did not know the difference between a motion for a new trial and an appeal, or that he had a right to appeal. Trial counsel testified that he had no recollection of discussing an appeal or of advising appellant of his right to appeal, and that at the time of appellant's trial he did not routinely advise clients of their appellate rights. The record is totally devoid of any evidence that would indicate that appellant was advised of his appellate rights from any source or that he was aware of those rights. It is obvious that the failure of court-appointed counsel to advise appellant of his appellate rights and to act to preserve those rights was an effective denial of those constitutionally protected rights. Hall v. Wainwright, 5th Cir. 1971, 441 F.2d 391; Andry v. Henderson, 5th Cir. 1970, 429 F.2d 26. Goforth v. Dutton, 5th Cir. 1969, 409 F.2d 651; Wainwright v. Simpson, 5th Cir. 1966, 360 F.2d 307. We, therefore, reverse the judgment below and remand this case to the district court to allow the State of Louisiana either to provide appellant with an out of time direct appeal by whatever procedure is necessary or to grant him a new trial within a reasonable time set by the district court. If the appellant is not granted an appeal or a new trial, the district court shall direct that he be released from state custody. Hall v. Wainwright, supra, Andry v. Henderson, supra, Goforth v. Dutton, supra.

Reversed and remanded.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure, Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.