Cleo **GREGORY**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 30953.

United States Court of Appeals,
Fifth Circuit.

July 13, 1971.

Cleo Gregory, pro se, James C. Bonner, Jr., Legal Asst. of Inmates Program, Atlanta, Ga., for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Richard H. Still, Jr., E. Ray Taylor, Jr., Asst. U. S. Attys., for respondent-appellee.

Before GEWIN, BELL and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Cleo Gregory, a federal prisoner serving time in the Atlanta Penitentiary, petitioned the district court for a writ of habeas corpus on the ground that he was denied a direct appeal of his 1953 criminal conviction. The court entered an order dismissing the petition and this appeal followed. We reverse and remand for resentencing so that petitioner may perfect a timely direct appeal.

While confined in federal prison for another unrelated offense, Gregory stabbed and killed a fellow inmate. The district attorney charged Gregory with first degree murder and the court appointed two attorneys to conduct the defense. Trial was had before a jury which returned a verdict of second degree murder on January 30, 1953. The court imposed a sentence of life imprisonment on February 6, 1953. Nine months thereafter Gregory brought a collateral attack on his sentence by filing a motion to vacate under 28 U.S.C. § 2255. The district court denied relief and this court affirmed for the reason that the habeas appeal was not timely filed. Gregory v. United States, 5 Cir., 1955, 219 F.2d 809. However, the Supreme Court granted certiorari and remanded the case for consideration on the merits. Gregory v. United States, 1955, 350 U.S. 808, 76 S.Ct. 89, 100 L.Ed. 725. The district court then conducted a hearing in 1957 where Gregory raised some nine specifications of error, one of which was the contention that his court-appointed lawyers refused to appeal his case and never advised him of his right to appeal. The district court held against Gregory on all issues, and on appeal its decision was affirmed in Gregory v. United States, 5 Cir., 1958, 252 F.2d 395.

On July 28, 1969, Gregory filed another habeas petition and once again claimed that he was unconstitutionally deprived of a direct appeal. The contention was rejected by the district court and we must now review the correctness of its determination.

At the outset we observe that subsequent to our 1958 decision in Gregory v. United States, supra, the Supreme Court delivered its opinion in Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, holding that convicted indigents have a constitutional right to representation by counsel on appeal. Since the decision has been given retrospective application, (see Breen v. Beto, 5 Cir., 1970, 421 F.2d 945, 947–948) Gregory's claim is not foreclosed by the fact that the alleged denial of appeal occurred in 1953, some ten years prior to *Douglas*.

██ In confronting the issue of whether the convicted defendant has been deprived of his right to appeal in violation of the Sixth and Fourteenth Amendments, this circuit has taken two approaches depending on whether the defendant's lawyer was court-appointed or privately retained. Goforth v. Dutton, 5 Cir., 1969, 409 F.2d 651. If the trial attorney was retained it must be known to the court or some other responsible state official that the defendant was indigent and that he desired to appeal. Beto v. Martin, 5 Cir., 1968, 396

F.2d 432. However, when the defendant is represented by court-appointed counsel a different standard applies, Goforth v. Dutton, supra, and the focus of the inquiry is not on what the defendant made known to the state, but on what the state, acting through court-appointed counsel, revealed to the defendant. Accordingly, we have held that representation is inadequate and the right of appeal is denied where appointed counsel fails to fully inform the client of his appellate rights. Byrd v. Smith, 5 Cir., 1969, 407 F.2d 363. In like manner, the right to appeal is violated when the appointed lawyer deliberately foregoes the direct appeal without first obtaining his client's consent:

> "* * * One appealing from conviction for crime must be represented by counsel if his appeal is to be meaningful. However laudable his motive, court-appointed counsel for Simpson had no authority, without consulting with or obtaining the consent of his client, deliberately to forego Simpson's right to move for a new trial or to appeal. When he did so, counsel proved himself ineffective. More, he completely abdicated his function and deprived Simpson of the aid of any counsel at a critical stage of the criminal proceeding." Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307, at 309–310.

Since Cleo Gregory was an indigent defendant represented by two court-appointed attorneys, his contention must be adjudicated under the standards set forth in Wainwright v. Simpson, supra, and Goforth v. Dutton, supra. And while the record is inconclusive and contradictory as to certain details, we hold that the testimony does establish that petitioner received inadequate appellate representation after his trial.

At the 1957 hearing before the district court, Gregory testified that he requested Attorney Gower to appeal his case and Gower refused. Attorneys Gower and Asinof both stated that Gregory was elated at not having received the death penalty, but neither could recall whether there had been an actual request for an appeal.

■ However, the presence or absence of any request becomes insignificant in the face of other testimony which reveals that the attorneys considered their representation at an end and abandoned their client once the trial and sentencing were concluded. See Andry v. Henderson, 5 Cir., 1970, 429 F.2d 26. In discussing the possibility of an appeal, Gower stated that he would have sought review of the case only if the court approved (R. 177–178) and that as an appointed attorney, working without compensation,[1] he could not be expected to perfect an appeal:

> "[Mr. Gower]: Now as I understand it, a man might be entitled to a court-appointed lawyer in the trial of his case, *but certainly it would be totally unfair for me to go, for him (Gregory) to expect me to go to the Fifth Circuit in New Orleans on an appointed case.*" (R. 180) (Emphasis supplied.)

Responding to a letter from Gregory asking for help in preparing a habeas appeal, Gower replied that he would not ask for a new trial "unless the court ordered me to do it". (R. 181.)

■ There is no evidence that Gregory was ever advised of his right to appeal the conviction (Byrd v. Smith, supra) or that his attorneys ever consulted with him or obtained his consent before allowing the time for a direct appeal to lapse. Wainwright v. Simpson, supra. Indeed, Gregory was apparently under the impression that as an indigent he had no right to an appeal:

> "Q.: Did you tell him [Gower] you still wanted to appeal?
>
> "A.: (Gregory) I told him I would have to have an appeal, *but I wasn't paying Mr. Gower or Mr.*

---

1. Contrary to present practice under the Criminal Justice Act, 18 U.S.C. § 3006A, appointed attorneys did not receive compensation in 1953 for their work in representing indigents accused of federal crimes.

*Asinof anything, it certainly was nothing I could demand."* (R. 143) (Emphasis supplied).

It is thus clear that for all practical purposes Gregory was without legal representation on appeal, and his Sixth Amendment rights were thereby abridged.[2] Regardless of how well-defended Gregory was at trial, his appointed lawyers obviously terminated their representation after the sentence was imposed and left Gregory to assert for himself a right (direct appeal) which he did not even know he had.

We therefore hold that the order denying the petition must be reversed and the case remanded with directions that the district court reimpose the sentence so that the petitioner may, if he so elects, take an out-of-time appeal from his conviction.

Reversed and remanded with directions.

2. This court is not unaware that our holding of inadequate representation creates some apparent inequities in regard to the two court-appointed attorneys who defended Mr. Gregory. Without compensation (see Note 1, above) both conducted an able defense at the trial of their client and succeeded in obtaining a verdict of less than the maximum penalty of death. At the sentencing in 1953, the attorneys obviously could not foresee that the Supreme Court would declare in 1963 that indigents have the constitutional right to an attorney on appeal, nor that the decision would be given retroactive effect. But however compelling these considerations may be, they are the price that oftentimes must be paid when a court decision such as Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, is applied retroactively.