William **FOXWORTH**, Petitioner-
Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Divi-
sion of Corrections, State of Florida,
Respondent-Appellee.

No. 71–1197.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1971.

Thomas C. MacDonald, Jr., Tampa,
Fla., (Court appointed), for petitioner-
appellant.

Earl Faircloth, former Atty. Gen.,
Raymond L. Marky, George R. Geor-
gieff, Asst. Attys. Gen., Robert L. Shev-
in, Atty. Gen., Tallahassee, Fla., for re-
spondent-appellee.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

DYER, Circuit Judge:

Foxworth appeals from the denial,
without a hearing, of his petition for a
writ of habeas corpus, 319 F.Supp. 593.
We reach the ineluctable conclusion that
Foxworth, an indigent, was denied his
constitutional right to representation by
counsel on appeal and reverse.

In the state trial Foxworth, then four-
teen years old, and two other black de-
fendants were represented by court-ap-
pointed counsel. The remaining defend-
ant had other counsel. All defendants
were found guilty of first degree mur-
der with a recommendation of mercy. A
mandatory life sentence was imposed on
Foxworth on December 5, 1944, which
he is currently serving.

An appeal was perfected to the Su-
preme Court of Florida on the perfunc-
tory ground that the trial court erred in
denying the defendant's motion for a
new trial. Having thus arrived at the
threshold of the Supreme Court, Fox-
worth's counsel there abandoned him.
He failed to even file a cursory brief.
The case was therefore decided without
argument on the merits on the motion of
the Attorney General to affirm on the
record, one Justice dissenting. Bevels v.
State, 1945, 156 Fla. 159, 23 So.2d 156.

Foxworth exhausted his state reme-
dies and, upon denial of his petition for
a writ of habeas corpus in the district
court, this appeal ensued.

■ Since the seminal case of Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, it is no longer open to question that an indigent defendant has a constitutional right to a review of his case on appeal as a matter of right if the same right is granted to non-indigents. And, "where the merits of the *one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." Douglas v. California, 1963, 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed. 2d 811.

■ While it is true that Foxworth's appeal was perfected it was not prosecuted. Perfection is a half a loaf only, and here a half a loaf is no better than none. In dealing with a strikingly similar situation the Supreme Court in Swenson v. Bosler, 1967, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, emphasized that the representation of indigents on appeal, only when coupled with counsel's active, prosecution of the appeal, is the palladium of the Fourteenth Amendment, saying:

> * * * Prior to March 1, 1964, Missouri had no rule requiring appointment of appellate counsel for indigent defendants. If trial counsel filed a motion for new trial and notice of appeal and then withdrew from the case, the Supreme Court of Missouri would require preparation of the transcript for appeal and then would consider the questions raised by the motion for new trial on the basis of *pro se* briefs by the defendant-appellant, or on no briefs at all. This is what occurred in this case. We agree with the Court of Appeals that this procedure violated respondent's Fourteenth Amendment rights, as defined in *Douglas*, even though respondent's trial counsel filed the notice of appeal and a motion for new trial which specifically designated the issues which could be considered on direct appeal. The assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript may well be of substantial benefit to the defendant. This advantage may not be denied to a criminal defendant, solely because of his indigency, on the only appeal which the State affords him as a matter of right.

*Id.* at 259, 87 S.Ct. at 997.

We, of course, are not unaware that we are giving *Douglas*, decided in 1963, retrospective application to Foxworth's conviction in 1944. Gregory v. United States, 5 Cir.1971, 446 F.2d 498; Breen v. Beto, 5 Cir.1970, 421 F.2d 945. We conclude on the record that Foxworth is entitled to have a review of his trial and conviction as on an original appeal with counsel, or to be released.

Because of our disposition of the case we pretermit consideration of the additional contentions of Foxworth that he was denied effective assistance of counsel at trial because of a conflict of interest between Foxworth and his co-defendant Bevels, and that there was a systematic exclusion of negroes from the grand and petit juries. Nevertheless, the record, and what may be judicially noticed, impels us to observe that Foxworth's constitutional arguments are not insubstantial.

We remand the case to the district court with directions to give the State an opportunity to provide Foxworth with a review of his conviction with the aid of counsel on direct appeal. If Foxworth is not afforded the opportunity to appeal within ninety days after the mandate has been received and filed in the district court, Foxworth shall be released.

Reversed and remanded with directions.