Joseph Michael **LACAZE**, and Douglas
Arceneaux, Appellants,

v.

**UNITED STATES** of America,
Appellee.

No. 28964

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1972.

Rehearing and Rehearing En Banc
Denied June 20, 1972.

* Rule 18, 5 Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Co. of
New York et al., 5 Cir., 1970, 431 F.2d
409.

**1076**

Charles W. Acevedo, Sr., Joseph Michael LaCaze, Douglas Arceneaux, Virginia Cain, Heber Ladner, Jr., Jackson, Miss. (Court Appointed), for appellants.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

■ In this appeal from a § 2255 proceeding Appellants claim that they were denied the rights afforded them under the then governing Rule 7(11) of the Local Rules of the United States Court of Appeals for the Fifth Circuit[1] because their counsel neither advised them of their right to seek Supreme Court review nor initiated a timely petition for certiorari.

A review of the record leads us to conclude that Appellants have misplaced their reliance on our former Rule 7(11), as they were represented by their own retained counsel at their trial on the merits and during their appeal from the convictions therein, and Rule 7(11) specifically pertains only to "Counsel who represent on appeal a defendant financially unable to pay counsel, * * *."[2] Nevertheless we believe that the record belies the Government's contention that Appellants received notice that there was available to them further review by the filing of a petition for certiorari, or for that matter, notice of any other

---

[1] "Counsel who represent on appeal a defendant financially unable to pay counsel, shall, in the event of affirmance or other decision adverse to the defendant, advise the defendant of his right to initiate a further review by the filing of a petition for certiorari, and shall file such petition, if requested by the defendant."
Rule 7(11), Local Rules of the Fifth Circuit Court of Appeals (1970). The new rule, as revised October 18, 1971, provides:
"After any adverse decision on the appeal appointed counsel shall notify the party represented in writing of his right to seek review of such decision by the filing of a petition for writ of certiorari with the Supreme Court of the United States. If after consultation (by correspondence, or otherwise) with the party represented it appears advisable to seek such review, the appointed attorney shall, if requested to do so in writing, prepare and file such petition for writ of certiorari, and shall thereafter continue to represent the party unless or until relieved by the Supreme Court."
Rule 7(III) (4), Local Rules of the Fifth Circuit Court of Appeals (1971).

[2] Though the record contains no testimonial evidence of either their ability or inability to pay for legal services, this § 2255 proceeding has been filed pro se, and since the date of its submission to this Court, Appellants have requested the assistance of court-appointed counsel in any further proceedings which we may direct. This Court has since appointed counsel whose attack is directed at the merits of the initial conviction, not failure of counsel to exhaust Supreme Court review. We have made no assessment of the indigent status of Appellants as of the time certiorari was first available. Cf. Doherty v. United States, 1971, 404 U.S. 28, 92 S.Ct. 175, 30 L.Ed.2d 149.

remedy which might have been available to them at that time.[3]

■ Because the alleged inadequacy of the representation given Appellants has occurred in this Court, we consider it to be preferable for us to grant the limited relief necessary to overcome the remoteness, and the built-in obstacles in the way of obtaining the discretionary review by certiorari. Cf. Atlantis Development Corp. v. United States, 5 Cir., 1967, 379 F.2d 818. We have ample resources to do this under our supervisory powers. See Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34 (en banc). Consequently, to enable Appellants to seek certiorari, we recall our former mandate affirming their convictions, see Fifth Circuit Rule 15, and we enter in its place a fresh order and mandate affirming the conviction.

## I. Background

Joseph Michael Lacaze, Charles William Acevedo, Douglas Arceneaux, and Virginia Cain were convicted by a jury of the unlawful sale of narcotic drugs [4] and of conspiracy to sell narcotic drugs in violation of the Internal Revenue Code.[5] They then filed a direct appeal to this Court, and we affirmed in 1968.[6]

Appellants did not file a petition for writ for certiorari within 30 days fol-

lowing the entry of our judgment, as is required by Supreme Court Rule 22(2).

Subsequently, in 1969 Appellants applied for relief in the trial Court under a "Petition For Redress" and a motion to "Vacate and Set Aside [their] Judgments and Conviction." They asserted eight grounds of error,[7] including the failure of counsel to inform them of their right to initiate a writ of certiorari in accordance with the terms of the then governing Local Rule 7(11). In the § 2255 proceeding, the trial Judge declined to hold an evidentiary hearing and denied relief to Appellants on all eight grounds. However in considering the facts of the record he failed to make findings of fact and conclusions of law, as is required under F.R.Civ.P. 52(a). See also Welch v. Beto, 5 Cir., 1968, 400 F.2d 582; Waters v. Beto, 5 Cir., 1968, 392 F.2d 74. Consequently we remanded the case to enable the District Court to comply with Rule 52(a). Lacaze v. United States, 5 Cir., 1970, 427 F.2d 144.

Upon remand the trial Judge as a matter of fact found that "from Exhibits B-1 and B-2 of the petition * * * petitioners were aware of their right to review by certiorari,"[8] and he once

---

3. The Supreme Court may still exercise its discretion to consider a writ of certiorari, as the 30-day filing period is not jurisdictional. Taglianetti v. United States, 1969, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302.

4. 26 U.S.C.A. § 4705 (1967).

5. 26 U.S.C.A. § 7237 (1967).

6. Lacaze v. United States, 5 Cir., 1968, 391 F.2d 516.

7. Counsel recently appointed in this Court (see note 2, *supra*) press almost exclusively grounds complaining of (4) excessive interrogation concerning prior felony convictions and (5) the Trial Judge's comment on entrapment. No relief by way of § 2255 is warranted, but these are claimed errors which the Supreme Court could reach on a belated petition for certiorari from our affirmance of conviction.

8.  Exhibit B-1
APPENDIX "B"
"ROBERT M. ACEVEDO
*Attorney-at-Law*
Post Office Box 552
Biloxi, Mississippi
Phone: 435-2396
June 1, 1967
Mr. Charlie W. Acevedo
Box PMB
Atlanta, Georgia 30315
Dear Charlie:
I am very sorry that I have not answered your letters. However, the past several weeks left me with very little time to prepare your brief for the Fifth Circuit Court of Appeals.
I would like to advise you that the brief has been forwarded and nine propositions were assigned as error. John Sckul and myself attacked the charge of conspiracy, admonishments of counsel and statements by the court, the doors of the courtroom

more overruled their petition and motion for relief. It is from this decision that Appellants Lacaze and Arceneaux prosecute this appeal.[9]

## II. The Merits—A Patent Lack of Notice

■ Appellants' request, in effect, for redress on the merits of the direct appeal previously determined by us is not available in the § 2255 proceeding.

> being locked, the question of entrapment, violation of rights of the individual, and pointed out that the lower court erred in not granting a new trial on the testimony and evidence of Louis Trent.
>
> It was also pointed out to the court that the sentence was excessive, and we have requested that in any event, under the circumstances prevailing, the sentence be reduced.
>
> As you know, this matter is now in the hands of the Appellate Court, and upon any change in the status, I shall notify you immediately.
> > Very truly yours,
> > /s/ Robert M. Acevedo
> > ROBERT M. ACEVEDO"

> ———

> Exhibit B-2
> "ROBERT M. ACEVEDO
> *Attorney-at-Law*
> > Post Office Box 552
> > Biloxi, Mississippi
> > Phone: 435-2396
> > October 9, 1967
> Mr. Charles W. Acevedo
> Box PMB
> Atlanta, Georgia 30315
> Dear Charlie:
> On the 4th day of October, 1967 Judge Sekul and myself argued your case before the Fifth Circuit Court of Appeals in New Orleans, Louisiana. Many points were raised, one of which I hope was sufficient to have a new trial in this case.
> A decision in this matter is expected within the near future and we shall determine what steps should be taken thereafter. Immediately upon receipt of the court's decision, I shall forward same to you.
> > Very truly yours,
> > /s/ Robert M. Acevedo
> > ROBERT M. ACEVEDO"

9. After this appeal was taken, appellants Acevedo and Cain, having served out their sentences, were released from custody and on their own motions were dismissed as parties to this appeal.

See note 7, supra and Smith v. United States, 5 Cir., 1959, 265 F.2d 14; Stein v. United States, 9 Cir., 1968, 390 F.2d 625; Sykes v. United States, 8 Cir., 1965, 341 F.2d 104. But the contention that they were not given advice concerning certiorari such as is prescribed by our local rule is open to § 2255 review as an aspect of the right to effective counsel mandated by the Rules,[10] the law,[11] and often the Constitution.[12]

10. F.R.Crim.P. Rule 44(a) dictates:
   "(a) Right to Assigned Counsel. Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the commissioner or the court through appeal, unless he waives such appointment."
   Rule 44(b) provides the methods to be utilized in the enforcement of Rule 44(a):
   "(b) Assignment Procedure. The procedures for implementing the right set out in subdivision (a) shall be those provided by law and *by local rules of court* established pursuant thereto." (emphasis ours).

11. See the 1970 amendments to the Criminal Justice Act of 1964, as codified in 18 U.S.C.A. § 3006A; "Appeals in Criminal Cases, Fifth Circuit Plan Under the Criminal Justice Act of 1964." Fifth Circuit Rule 7; 28 U.S.C.A. United States Courts of Appeals Rules.

12. This is so where the omission of counsel deprives a defendant of the *effective assistance* of counsel in the constitutional sense. See Wright, Federal Practice and Procedure: Criminal § 594 (1969). As this Court recently recognized in Arrastia v. United States, 5 Cir., 1971, 455 F.2d 736, "it is in this circuit . . . well established that retained counsel's failure to file notice of appeal when requested may rise to the level of ineffective assistance of counsel", 455 F.2d at 740. See also Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883. In Lyles v. United States, 5 Cir., 1965, 346 F.2d 789, this Court said:
   "It is settled that an indigent in federal court must be afforded counsel on appeal * * * *. Just as it has been held to be a concomitant of the right to counsel at trial that one is entitled to be apprised of that right,

Since this is a federal case and to some extent partakes of an effort to revive the last step in the direct appellate process, we need not, and *we do not*, either rest our action on constitutional factors, or touch upon the necessity for state action in state cases.[13] By recalling our prior mandate and issuing a new one we do not upset Appellants' conviction or our prior affirmance of it. The procedure devised by us merely affords an opportunity to invoke review by the Supreme Court.

The Government claims that a "right of review was of common knowledge to Appellants" because letter B-1 states: "As you know, this matter is now in the hands of the Appellate Court, and upon any change in status, I shall notify you immediately." Also, because letter B-2 states: "A decision in this matter is expected within the near future and we shall determine what steps should be taken thereafter." We disagree with the Government, and although we do not here reach a constitutional apogee, nevertheless, to promote and to maintain an orderly administration of the judicial machinery of this Court, we are able through our supervisory powers to apply a standard which is a concomitant to

that prescribed for court-appointed counsel.[14]

## II. Procedure

It is by no means unusual for courts to grant out-of-time relief to a defendant in order that he may be allowed to use the appellate process previously denied him. One such instance has been counsel's failure to give formal, timely notice on a direct appeal to the Circuit Court of Appeals following the defendant's conviction. The remedy utilized by the courts under that circumstance has been to vacate the judgment and to remand the case followed by a resentencing of the defendant. This restores him to "[t]he status of one on whom sentence has just been imposed and who has 10 days to institute a direct appeal." Dillane v. United States, 1965, 121 U.S. App.D.C. 354, 350 F.2d 732, 733.

Another form of relief that has been given to defendants under special circumstances is an out-of-time appeal.[15] See Fallen v. United States, 1964, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760; Kent v. United States, 5 Cir., 1970, 423 F.2d 1050; Atilus v. United States, 5 Cir., 1969, 406 F.2d 694; Schwander v. United States, 5 Cir., 1967, 386 F.2d 20;

---

[Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; United States ex rel. Durocher v. La Vallee, 2 Cir., 1964, 330 F.2d 303] *it would seem to be a concomitant of the right to counsel on appeal that one be apprised of that right."* (Emphasis added). 346 F.2d at 791.

13. However, there have been similar instances in which the courts have. For example, in Goodwin v. Cardwell, 6 Cir., 1970, 432 F.2d 521, the Court held that a state prisoner, *who had been represented by his own privately retained counsel,* nevertheless is entitled to a hearing to determine whether:
"* * * [he] was denied an appeal by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel."
See also United States ex rel. Smith v. McMann, 2 Cir., 1969, 417 F.2d 648. See Gregory v. United States, 5 Cir., 1971, 446 F.2d 498, reviewing our cases dis-

tinguishing court-appointed counsel from retained counsel situations for purposes of requisite state action to support a constitutional attack.

14. See also Rachel v. State of Georgia, 5 Cir., 1965, 342 F.2d 336, n. 2 at 337, reh. den., 343 F.2d 909, aff'd, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.

15. This is a procedure that has been used by this Court on numerous occasions in which a state prisoner, who had exhausted his state habeas corpus remedies, has continued to pursue his habeas corpus relief in the Federal Courts. See Rought v. Henderson, 5 Cir., 1971, 445 F.2d 622; Foxworth v. Wainwright, 5 Cir., 1971, 449 F.2d 319; Sapp v. Wainwright, 5 Cir., 1970, 433 F.2d 317; Goforth v. Dutton, 5 Cir., 1969, 409 F.2d 651; Horsley v. Simpson, 5 Cir., 1968, 400 F.2d 708; Cruz v. Beto, 5 Cir., 1968, 391 F.2d 235; Crawford v. Beto, 5 Cir., 1967, 383 F.2d 604.

Brewen v. United States, 5 Cir., 1967, 375 F.2d 285; Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Lyles v. United States, 5 Cir., 1965, 346 F.2d 789; Boruff v. United States, 5 Cir., 1962, 310 F.2d 918. This is precisely what was done for a Federal defendant in Gregory v. United States, 5 Cir., 1971, 446 F.2d 498.

Another apt analogy to the procedure that is to be implemented under our own facts, since the review now being sought is to the Supreme Court, is the pattern utilized by the Supreme Court in their frequent orders vacating judgments in one-Judge—three-Judge cases. See, e. g., Local Union No. 300, Amalgamated Meat Cutters & Butcher Workmen of North America, AFL–CIO v. McCulloch, 5 Cir., 1970, 428 F.2d 396; Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 5 Cir., 1970, 426 F.2d 142, 144; O'Hair v. Paine, 5 Cir., 1970, 432 F.2d 66. This remedial procedure enables the parties, under circumstances warranting it, to have a fresh order entered from which they may prosecute an appeal to the proper Court.

Indeed, in almost the very context of this case, the Supreme Court has done precisely what we now do in their recent actions in Doherty v. United States, 1971, 404 U.S. 28, 92 S.Ct. 175, 30 L. Ed.2d 149; and Schreiner v. United States, 1971, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222.

"Per Curiam. The motion for leave to proceed in forma pauperis and the petition for writ of certiorari are granted, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for further proceedings, including reentry of its judgment affirming petitioner's conviction and consideration of the appointment of counsel for petitioner in connection with seeking review in this Court of the judgment of the Court of Appeals. 18 U.S.C. §§ 3006A(c), 3006A(d) (6), 3006A(g). See also H.R.Rep. No. 1709, 88th Cong., 2d Sess., 7 (1964); Report of the Pro-

ceedings of a Special Session of the Judicial Conference of the United States, 36 F.R.D. 277, 291 (1965); Fed.Rule Crim.Proc. 44(a); Doherty v. United States, [404 U.S. 28, 92 S. Ct. 175, 30 L.Ed.2d 149] November 9, 1971.

"Mr. Justice Douglas, concurring.

"Schreiner has a statutory right to the assistance of a lawyer in drafting his petition for certiorari. As I indicated in Doherty v. United States, No. 71–5679, [404 U.S. 28, 92 S.Ct. 175, 30 L.Ed.2d 149] that right is not conditioned by counsel's appraisal of the merits of the petition. No conditions are attached to rights under Fed.Rule Crim.Proc. 44 and the Criminal Justice Act. This view was adopted by the Judicial Conference's Committee to Implement the Criminal Justice Act of 1964:

" '[C]ounsel appointed on appeal should advise the defendant of his right to initiate a further review by the filing of a petition for certiorari, and to file such petition if requested by the defendant.' Report on Criminal Justice Act, 36 F.R.D. 285, 291 (1965).

"Moreover, the Tenth Circuit has implemented this suggestion. See West's Federal Forms, Vol. IA, Supreme Court, § 488 (Boskey ed. 1969).

"There may well be instances where the remedy sought is inappropriate— e. g., an effort to obtain mandamus where the duty is only discretionary. The statute does not, however, permit an indigent's right to be conditioned upon the fortuity of whether a lawyer believes this Court will grant his petition. We ourselves often have difficulty making that prophecy."

Schreiner v. United States, *supra*. The reasoning behind our action is primarily this. Since our then governing rule for indigents required advice and unless declined, the timely initiation of a petition for certiorari, we attested thereby to a value judgment that this was essential to effective representation of

counsel. This value judgment gains weight not only from the fact that in state cases such action is constitutionally mandated, but also from this Court's settled policy regarding retained counsel's failure to file or give advice concerning the notice of appeal necessary to institute proceedings in this Court. See *supra* note 12 and Arrastia v. United States, *supra*; Bray v. United States, *supra*; Camp v. United States, *supra*; Kennedy v. United States, *supra*.

While the State—here the National Government—may not be faulted for a governmental denial of the right since it was a default of retained, not appointed counsel, its importance as a part of the process of effective representation is not affected by the particular attorney-client relationship. This is amply demonstrated in Doherty v. United States, *supra*, where,—as here—the defendant had been represented on appeal by retained counsel who failed to file or give advice concerning a petition for certiorari. The fact that the defendant was represented by retained rather than appointed counsel did not keep the Court from ordering the Court of Appeals to reenter its judgment of conviction so the defendant's time for rifling a petition for certiorari could begin running anew.[16]

What is legislatively, if not Constitutionally, ordained for the poor in Federal Courts and mandated by Constitutional imperatives for the poor in State cases surely may be adopted in our supervisory powers as the mark of effective representation.[17] But where the failure is established in a § 2255 proceeding the relief is to restore the unsuccessful Appellant to the point—but no further—where he was when he lost his direct appeal in the Court of Appeals and his counsel did nothing toward advising him

16. "Per Curiam. Petitioner Doherty was convicted in federal court of smuggling marihuana. The Court of Appeals for the Ninth Circuit affirmed, * * * Doherty's retained counsel, who had represented him both at trial and on appeal, withdrew after the appellate decision because Doherty was without funds to pay for legal services. Without opinion the Court of Appeals denied Doherty's pro se motion for appointment of counsel to assist in preparing a petition for writ of certiorari. Doherty has now filed a motion in this Court seeking appointment of counsel for that purpose. We treat the motion for appointment of counsel as a petition for writ of certiorari seeking review of the Court of Appeals order denying the appointment.

The Court of Appeals has a rule that counsel appointed for indigent appellants must, after adverse decision in the Court of Appeals, inform his client of the right to seek review in this Court and, if the client so desires, prepare a petition for certiorari. In denying Doherty's motion for counsel, the Court of Appeals apparently determined that its rule was of no help to Doherty, whose counsel had been retained rather than appointed. We defer to that court's construction of its own rule. However, it is not clear that the court also considered Doherty's motion in the light of the provisions of the Criminal Justice Act insofar as they may be relevant to a federal prisoner's right to have counsel's help in seeking certiorari in this Court. 18 U.S.C. § 3006A(c), 3006A (d) (6), 3006A(g). See also H.R.Rep. 1709, 88th Cong., 2d Sess., 7 (1964); Report of the Proceedings of a Special Session of the Judicial Conference of the United States, 36 F.R.D. 277, 291 (1965); Fed.Rule Crim.Proc. (44a). In order that the Court of Appeals may give further consideration to the request for counsel, Doherty's motion for leave to proceed in forma pauperis is granted, the petition for certiorari is granted, the judgment of the Court of Appeals affirming Doherty's conviction and its order denying appointment of counsel are vacated and the case is remanded to that court for further proceedings consistent with this opinion, including reentry of its judgment of affirmance and appropriate reconsideration of the motion for appointment of counsel.

So ordered."

Doherty v. United States, *supra*.

17. We do not intimate any views as to application or validity of our revised Rule 7 (III) (4), note I, *supra*, or whether having given clear specific advice to the defendant of his right to seek certiorari counsel (either retained or appointed) is compelled to file the petition where in his best professional judgment he is of the view that certiorari application is without merit. Cf. *Doherty*, note 2, *supra*.

of certiorari rights or an effective assertion of them.

Accordingly we direct the recall of our mandate, Fifth Circuit Rule 15, and we simultaneously issue a new mandate reaffirming our prior affirmance of the judgment of conviction and, by a copy of this opinion, which is to be sent to petitioners and their present appointed counsel, we advise them of their right to prosecute a petition for a writ of certiorari. We expect present counsel to take whatever action is appropriate (see note 17, *supra*).

Original judgment vacated and new judgment entered reaffirming conviction.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.