**Terry Eugene SAVAGE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 73-1424**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 23, 1973.

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Terry Eugene Savage, pro se.

Robert W. Rust, Miami, Fla., William R. Northcutt, Asst. U. S. Atty., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion to vacate judgment and sentence, filed pursuant to the provisions of 28 U.S.C. § 2255.

We find no error in the district court's denial of relief concerning Appellant Savage's allegations of trial court errors and ineffective assistance of counsel. However, Savage's court-appointed counsel failed to file a petition for certiorari in the Supreme Court after we affirmed his conviction on direct appeal, United States v. Savage, 459 F. 2d 60 (5th Cir., 1972), despite the fact that it now appears his counsel promised Savage that this would be done.[1]

In a recent case very similar on its facts, we took action to accord the appellants their right to petition the Supreme Court for certiorari. Lacaze v. United States, 457 F.2d 1075 (5th Cir. 1972). That is what we now do in this case by recalling our mandate in Savage's direct criminal appeal cited above and by simultaneously issuing a new mandate reaffirming our prior affirmance of the judgment of conviction. Appellant Savage is hereby advised of his renewed right to petition the Supreme Court for certiorari to review this Court's affirmance of his direct appeal. Since the appellant has proceeded without counsel in this *forma pauperis* appeal, we also appoint counsel to assist him in prosecuting his application for certiorari.

The original judgment of this Court on direct appeal is vacated and a new judgment is entered reaffirming the judgment of conviction, and counsel is appointed for the appellant.

---

1. The Appellant attached to his brief a Xerox copy of a letter addressed to him from his court-appointed counsel to this effect, in support of the allegation made in his § 2255 motion.