Francisco Mendoza ORDONEZ,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–2541
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1979.

Francisco Mendoza Ordonez, pro se.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for respondent-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of motion to vacate judgment and sentence pursuant to the provisions of 28 U.S.C. § 2255.

We find no error in the district court's denial of appellant's allegation of trial court errors. As to his allegation of insufficiency of evidence to convict him, the issue was decided adversely to appellant on

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

direct appeal and need not be considered again.

■ However, appellant's retained counsel failed to file a petition for certiorari after we affirmed his conviction on direct appeal, 525 F.2d 1406 (5 Cir. 1975), despite counsel's acknowledgment that he failed to file the petition for certiorari in time and his promise that he would file a motion to file one out of time.[1] As was done in *Lacaze v. United States*, 457 F.2d 1075 (5 Cir. 1972), in which retained counsel likewise failed to file a petition for certiorari, and in *Savage v. United States*, 483 F.2d 67 (5 Cir. 1973), a case involving appointed counsel, we recall our mandate in appellant's direct criminal appeal, cited above, and direct the issuance of a new mandate affirming our prior affirmance of the judgment of conviction. Appellant Ordonez is hereby advised of his renewed right to petition the Supreme Court for certiorari to review this court's affirmance of his direct appeal. Since Ordonez has proceeded without counsel in this *forma pauperis* appeal, we also order appointment of counsel to assist him in prosecution of his petition for certiorari.

The original judgment of this court on direct appeal is vacated and a new judgment is entered reaffirming the judgment of conviction, and counsel for appellant is ordered to be appointed.

---

**1.** Appellant has attached to his application to this court a Xerox copy from his counsel, Richard E. Haynes, Laredo, Texas, to this effect, in support of the allegation made in his § 2255 motion.