# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2008

Charles R. Fulbruge III
Clerk

No. 06-60303
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANDRE JORDAN JOHNSON, also known as Byrd

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:96-CR-61-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Andre Jordan Johnson, federal prisoner # 14891-076, appeals the district court's denial of habeas corpus relief pursuant to 28 U.S.C. § 2255 arguing that his appellate counsel never informed him of his right to seek certiorari in the Supreme Court after we affirmed his sentence on direct appeal. See United States v. Johnson, 253 F.3d 706 (5th Cir. 2001). In support of his argument, Johnson has submitted an affidavit averring that his counsel never informed him of the right to seek certiorari as well as a letter from appointed counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Luanne Stark Thompson written after this court's decision in the direct appeal informing Johnson of the affirmance and discussing the possibility of filing a § 2255 motion but making no mention of certiorari review.

Under this court's Plan for Representation on Appeal Under the Criminal Justice Act (the CJA Plan), "[a]ppointed counsel must inform the client of the right . . . to seek certiorari review in the Supreme Court." CJA Plan, § 6. This court has previously granted § 2255 relief on claims that appellate counsel failed to advise a defendant of his ability to seek certiorari review from the Supreme Court. See Lacaze v. United States, 457 F.2d 1075, 1076 (5th Cir. 1972); Ordonez v. United States, 588 F.2d 448, 449 (5th Cir. 1979). The Government argues that § 2255 relief is not appropriate because Johnson has not alleged a constitutional violation. However, we need not find a constitutional violation to grant the relief requested. See Lacaze, 457 F.2d at 1078-79 (granting § 2255 relief on non-constitutional grounds). Because relief may be appropriate pursuant to Lacaze, and to afford Thompson an opportunity to contest Johnson's allegations, we order a LIMITED REMAND to the district court for fact finding solely on the question of whether Thompson advised Johnson of his right to seek a writ of certiorari. Once the record is supplemented, the case shall be returned to this court for further proceedings. Pending the district court's compliance, this court retains jurisdiction of this case for all other purposes.