# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 06-60303
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

ANDRE JORDAN JOHNSON, also known as Byrd

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:96-CR-61-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Andre Jordan Johnson, federal prisoner # 14891-076, appeals the district court's denial of his 28 U.S.C. § 2255 motion, arguing that his appellate counsel did not inform him of his right to seek certiorari in the Supreme Court after we affirmed his sentence on appeal. See United States v. Johnson, 253 F.3d 706 (5th Cir. 2001) (unpublished). We ordered a limited remand to the district court for fact finding solely on the question of whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thompson advised Johnson of his right to seek a writ of certiorari. After conducting an evidentiary hearing, at which Johnson and Thompson both testified, the district court determined that Thompson never informed Johnson in writing of his right to seek Supreme Court review.

Under this court's Plan for Representation on Appeal Under the Criminal Justice Act (the CJA Plan), "[p]romptly after the court of appeals decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court." CJA Plan, § 6, ¶ 4. This court has previously granted § 2255 relief on claims that appellate counsel failed to advise a defendant of his ability to seek certiorari review from the Supreme Court. See Lacaze v. United States, 457 F.2d 1075, 1076 (5th Cir. 1972); Ordonez v. United States, 588 F.2d 448, 449 (5th Cir. 1979). In light of the district court's determination that Thompson did not inform Johnson in writing of his right to seek Supreme Court review, we recall our mandate in Johnson's direct criminal appeal, cited above, and direct the issuance of a new mandate affirming our prior affirmance of the judgment of conviction. Johnson is hereby advised of his renewed right to petition the Supreme Court for certiorari to review this court's affirmance of his direct appeal. Since Johnson has proceeded without counsel in this in forma pauperis appeal, we also order appointment of counsel to assist him in the prosecution of his petition for certiorari.

The original judgment of this court on direct appeal is VACATED, a new judgment is ENTERED reaffirming the judgment of conviction, and counsel for Johnson is ORDERED to be appointed.