# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 14, 2011

Lyle W. Cayce
Clerk

No. 07-10820
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REBECCA JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-4

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rebecca Jackson was convicted of conspiracy to distribute methamphetamine and was sentenced to 360 months in prison. This court affirmed Jackson's sentence on May 16, 2008, and the mandate was issued on June 9, 2008. In August 2010, Jackson filed a motion in the district court pursuant to 28 U.S.C. § 2255, in which she asserted that she received ineffective assistance of counsel because, inter alia, counsel failed to advise her of her right to seek further review in the Supreme Court. After conducting an evidentiary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-10820

hearing, the district court found that Jackson's attorney "did not take appropriate steps to assure that [Jackson] became aware that her appeal had been decided against her by [this court], or that the ninety-day period for her to file a petition for certiorari with the Supreme Court had started to run."

Jackson, through appointed counsel, now moves this court to recall its prior mandate pursuant to *Lacaze v. United States*, 457 F.2d 1075 (5th Cir. 1972), and to enter a new order and mandate affirming Jackson's conviction.

Under this court's Plan for Representation on Appeal Under the Criminal Justice Act (the CJA Plan), "[p]romptly after the court of appeals decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court." CJA Plan, § 6, ¶ 4. We have previously granted § 2255 relief on claims that appellate counsel failed to advise a defendant of his ability to seek certiorari review from the Supreme Court. *See Lacaze v. United States*, 457 F.2d 1075 (5th Cir. 1972); *United States v. Johnson,* 308 F. App'x 768 (5th Cir. 2009).

In light of the district court's determination that Jackson's counsel failed to take appropriate steps to inform Jackson of her right to seek Supreme Court review, we vacate our original judgment and recall our prior mandate in Jackson's direct criminal appeal, and we enter a new judgment reaffirming the judgment of conviction and direct the issuance of a new mandate. Jackson is advised of her renewed right to petition the Supreme Court for certiorari to review our affirmance of her direct appeal.

Accordingly, the original judgment of this court on direct appeal is VACATED, and a new judgment is ENTERED reaffirming the judgment of conviction.

2