# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CV-176

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gerardo Garcia, federal prisoner # 15074-179, was convicted of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, possession with intent to distribute more than 50 grams of methamphetamine, and importing into the United States from Mexico more than 50 grams of methamphetamine. Garcia was sentenced to concurrent life sentences. The mandate affirming Garcia's convictions and sentences on direct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41149

appeal issued on September 7, 2011.  Garcia sought 28 U.S.C. § 2255 relief arguing, inter alia, that counsel rendered ineffective assistance by failing to advise him of the disposition of his direct appeal, thereby depriving him of the opportunity to file a timely petition for a writ of certiorari with the Supreme Court.  The district court granted Garcia a certificate of appealability on the ineffectiveness issue.

Under this court's Plan for Representation on Appeal Under the Criminal Justice Act (CJA Plan), "[p]romptly after the court of appeals' decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court."  CJA Plan, § 6, ¶ 4.  We have previously granted § 2255 relief on claims that appellate counsel failed to advise a defendant of his ability to seek certiorari review from the Supreme Court.  *See Lacaze v. United States*, 457 F.2d 1075, 1076 (5th Cir. 1972); *United States v. Johnson*, 308 F. App'x 768, 769 (5th Cir. 2009).

In light of the district court's determination that Garcia's counsel failed to take appropriate steps to inform Garcia of the disposition of his direct appeal and the right to seek Supreme Court review, we vacate our original judgment and recall our prior mandate in Garcia's direct criminal appeal, and we enter a new judgment reaffirming the judgment of convictions and direct the issuance of a new mandate.  Garcia is advised of his renewed right to petition the Supreme Court for certiorari to review our affirmance of his direct appeal.  Further, Garcia's request for newly appointed counsel to aid him in the preparation of his writ of certiorari to the Supreme Court is granted.

Accordingly, the judgment of this court on direct appeal is VACATED, and a new judgment is ENTERED reaffirming the judgment of convictions.  Appointment of new counsel is GRANTED.