## DOHERTY *v.* UNITED STATES

No. 71–5679.  Decided November 9, 1971

PER CURIAM.

Applicant Doherty was convicted in federal court of smuggling marihuana. The Court of Appeals for the Ninth Circuit affirmed. Doherty's retained counsel, who had represented him both at trial and on appeal, withdrew after the appellate decision because Doherty was without funds to pay for legal services. Without opinion the Court of Appeals denied Doherty's *pro se* motion for appointment of counsel to assist in preparing a petition for writ of certiorari. Doherty has now filed a motion in this Court seeking appointment of counsel for that purpose. We treat the motion for appointment of counsel as a petition for writ of certiorari seeking review of the Court of Appeals' order denying the appointment.

The Court of Appeals has a rule that counsel appointed for indigent appellants must, after adverse decision in the Court of Appeals, inform his client of the right to seek review in this Court and, if the client so desires, prepare a petition for certiorari.* In denying Doherty's

---

*The Ninth Circuit rule provides:

"Following decision on appeal, if the appeal is unsuccessful, counsel appointed shall advise the defendant of his right to initiate a further

motion for counsel, the Court of Appeals apparently determined that its rule was of no help to Doherty, whose counsel had been retained rather than appointed. We defer to that court's construction of its own rule. However, it is not clear that the court also considered Doherty's motion in the light of the provisions of the Criminal Justice Act of 1964 insofar as they may be relevant to a federal prisoner's right to have counsel's help in seeking certiorari in this Court. 18 U. S. C. §§ 3006A (c), 3006A (d)(6), 3006A (g). See also H. R. Rep. No. 1709, 88th Cong., 2d Sess., 7 (1964); Report of the Proceedings of a Special Session of the Judicial Conference of the United States, 36 F. R. D. 282, 291 (1965); Fed. Rule Crim. Proc. 44 (a). In order that the Court of Appeals may give further consideration to the request for counsel, Doherty's motion for leave to proceed *in forma pauperis* is granted, the petition for certiorari is granted, the judgment of the Court of Appeals affirming Doherty's conviction and its order denying appointment of counsel are vacated, and the case is remanded to that court for further proceedings consistent with this opinion, including re-entry of its judgment of affirmance and appropriate reconsideration of the motion for appointment of counsel.

*So ordered.*

MR. JUSTICE DOUGLAS, concurring.

While concurring completely in the Court's *per curiam,* I believe additional detail clarifying the applicability of

review by the filing of a petition for certiorari, and, if requested to do so by the defendant, file such petition. If the defendant does not desire to seek certiorari, counsel shall file with the Clerk a statement to that effect, signed by counsel and the defendant. If the defendant refuses to sign, counsel shall so state." Rules of the United States Court of Appeals for the Ninth Circuit, App. 4 (c).

Fed. Rule Crim. Proc. 44 and the Criminal Justice Act [1] to these circumstances is warranted inasmuch as all of the circuits' rules implementing the latter are susceptible of replications of the result reached below.[2] Rule 44 and the Criminal Justice Act each establish a federal policy of providing every indigent federal accused with appointed counsel at every stage in his defense from arraignment through direct review by this Court, including petitioning for certiorari.

# I
## Rule 44

The Act of June 29, 1940, 54 Stat. 688,[3] authorized the Supreme Court to prescribe uniform criminal procedures in the federal courts prior to and including verdict. By an order of the Court on December 26,

---

[1] Act of Aug. 20, 1964, Pub. L. No. 88–455, 78 Stat. 552. As amended by Act of Oct. 14, 1970, Pub. L. No. 91–447, 84 Stat. 916, the Criminal Justice Act is codified at 18 U. S. C. § 3006A.

[2] It appears that the Court of Appeals for the Sixth Circuit has first accepted and then rejected a similar interpretation of its analogous rule. *Beasley* v. *United States,* No. 70–5146, O. T., 1971 (motion for rehearing on denial of certiorari). All of the circuits based their implementing rules on a draft proposal made by the Judicial Conference's Committee to Implement the Criminal Justice Act of 1964, discussed *infra.* The plans adopted by the 11 circuits are reproduced in 1A West's Federal Forms, Supreme Court, § 488 (B. Boskey ed. 1969).

[3] This Act as amended is codified at 18 U. S. C. § 3771. In 1934 Congress had directed the Supreme Court to prescribe procedures in criminal cases in federal district courts after a verdict of guilty had been entered. Act of Mar. 8, 1934, 48 Stat. 399, amending Act of Feb. 24, 1933, 47 Stat. 904, now codified as amended, 18 U. S. C. § 3772. These early rules did not address the issue of indigents' representation on appeal of convictions. 292 U. S. 659. Together these Acts provide the Supreme Court with rulemaking authority over all procedural aspects of the federal criminal judicial process.

1944 (323 U. S. 821), such rules were adopted, thereafter transmitted to the Congress, and became effective on March 21, 1946. These contained the forerunner of the present Rule 44, which provided:

> "Assignment of Counsel. If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

This procedure embodied our holding in *Johnson* v. *Zerbst,* 304 U. S. 458 (1938), that federal indigent defendants had a right under the Sixth Amendment to free counsel during trial. Until *Johnson* v. *United States,* 352 U. S. 565 (1957), it was unclear whether Rule 44 extended that assistance to direct appeals of convictions arising in the federal courts. In any event by the last decade the sweep of our decisions involving right to counsel on appeal required revision of Rule 44 to make clear that "every stage of the proceedings" did, in fact, include appeals.[4] Thus, the revised rule effective since 1966 now reads:

> "Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the commissioner or

---

[4] Two preliminary drafts of the proposed amendments were prepared by the Committee on Rules of Practice and Procedure of the Judicial Conference. The first, proposed in 1962, did not expressly provide for appointments on appeal. See Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure for the United States District Courts (Dec. 1962). The second draft as it appears in the text was issued in 1964. Second Preliminary Draft of Proposed Amendments to Rules of Criminal Procedure for the United States District Courts (Mar. 1964).

the court through appeal, unless he waives such appointment." Fed. Rule Crim. Proc. 44 (a).

Whether "appeal" includes proceedings before the Supreme Court was not addressed by the Advisory Committee's Note and was until now an academic question since the rule became effective *after* the implementation of the Criminal Justice Act under which courts of appeals have uniformly adopted procedures routinely to extend appointed counsel's duty to preparation of certiorari petitions desired by their clients. Because this Court has traditionally appointed counsel for those indigents whose certiorari petitions are granted, the only gap in coverage would arise where, as here, a request for appointment is made to the Court of Appeals after it has decided an indigent's appeal.

It is significant that the language of the amended rule does extend assistance to "appeals" and does not restrict "appeals" to proceedings in "courts of appeals." Moreover, no qualification such as "first appeal" is present. Additionally, to the extent that the Advisory Committee's suggested reading sheds light on its thinking, its Note refers to a law review article which argues for mandatory appointments in all stages of the federal criminal process,[5] including petitions for certiorari. That is the obvious disposition to be made of any ambiguity.

## II

### Criminal Justice Act

An independent source of the federal statutory policy of continuous representation of indigents during their defense in the federal criminal process is the Criminal Justice Act of 1964. As does Rule 44, the Act provides an automatic right to counsel only in prosecu-

---

[5] Boskey, The Right to Counsel in Appellate Proceedings, 45 Minn. L. Rev. 783 (1961).

tions originating in the District Courts and during direct review therefrom. Unlike Rule 44, the Act also authorizes discretionary appointment of counsel in the "interests of justice" to any pauper "subject to revocation of parole, in custody as a material witness, or seeking relief under section 2241, 2254, or 2255 of title 28 or section 4245 of title 18."[6]  18 U. S. C. § 3006A (g). Another important difference between the Act and Rule 44 is that only the former authorizes the disbursement of federal funds to reimburse court-appointed lawyers.[7]  Financial relief to the Bar has become increasingly necessary as our decisions have expanded indigents' rights to counsel.

The clearest statement of the Act's policy of providing blanket coverage of indigents' representation from arraignment through review by this Court is found in the first sentence of subsection (c):

> "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters."  18 U. S. C. § 3006A (c).

The ambiguous phrase "through appeal," has been clarified by a 1970 amendment to another section.  18 U. S. C. § 3006A (d)(6) now provides:

> "If a person for whom counsel is appointed under this section appeals to an appellate court or *petitions for a writ of certiorari,* he may do so without

---

[6] Once a discretionary appointment under 18 U. S. C. § 3006A (g) has been made in such collateral matters, an indigent is automatically entitled (as in prosecutions on direct review) to counsel's aid in petitioning for certiorari in the event his appeal is adversely decided by the court of appeals. See, for example, the Fifth Circuit Plan Under the Criminal Justice Act, Rule 7 (I)(4) and (III)(4), 28 U. S. C. A. (Supp. 1972).

[7] 18 U. S. C. § 3006A (d).

prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915 (a) of title 28." 84 Stat. 918.[8] (Emphasis added.)

Most of the original congressional hearings and floor debates concern the wisdom of public defender services in contrast to the more conventional system of rotating appointments among the Bar. No discussion was directed to the precise question involved here. Nonetheless, there are several indicia that "appeal," as used in § 3006A (c), was intended to include proceedings in this Court.

Different versions of the Act—all based upon the Attorney General's Committee on Poverty and the Administration of Federal Criminal Justice report of 1963—were passed in each of the Houses of Congress. A conference committee ironed out the differences and its House members afterwards reported concerning the present language of subsection (c):

> "Implied in the Senate version, and expressed in the House version, is the right of a defendant to have counsel appointed at any stage of the proceeding; i. e., before the commissioner, the district court, the court of appeals, or *the Supreme Court*." H. R. Rep. No. 1709, 88th Cong., 2d Sess., 7 (1964) (emphasis added).

At least two exchanges during the floor debates made explicit that proceedings in this Court were within the Act's coverage.[9]

---

[8] This provision was added by the Act of Oct. 14, 1970, Pub. L. No. 91-447, 84 Stat. 916.

[9] One of the sponsors of the House bill was Congressman Moore, who replied in response to a question concerning ceilings on total fees a single attorney could be paid under the Act, "May I answer that by saying the $500 limitation applies, if the appointed attorney

Moreover, the Judicial Conference's Committee to Implement the Criminal Justice Act of 1964 submitted in 1965 an interim recommendation that:

"[C]ounsel appointed on appeal should advise the defendant of his right to initiate a further review by the filing of a petition for certiorari, and to file such petition, if requested by the defendant." Report on Criminal Justice Act, 36 F. R. D. 285, 291 (1965).[10]

As mentioned earlier, this recommendation has been adopted by all of the circuit conferences.

And our own rules have been amended to implement our participation under the Act in cases where we grant certiorari or note probable jurisdiction. Supreme Court Rule 53 (8).

Other indicators of intent are found in the Attorney General's Committee study. One of its recommendations was that a lawyer appointed by the trial court should have incentives to represent the accused in the subsequent stages of the case including "any appellate proceedings." Hearings on S. 1057 before the Senate Committee on the Judiciary, 88th Cong., 1st Sess., 183, 205 (1963). Presumably a purpose to excise the step during which certiorari petitions are prepared would have avoided the phrase "any appellate proceedings" and substituted instead "proceedings before the Courts of Appeals." Moreover, the study group recommended that the Act cover probation and parole revocation hearings,

---

represents the defendant before a Commissioner and all the way to the Supreme Court—$500 is the total compensation allowed." 110 Cong. Rec. 446. See also *id.*, at 450 (remarks of Congs. Moore and Kastenmeier).

[10] The Committee reaffirmed this conclusion at the September 22–23, 1965, meeting of the Conference. Report of the Proceedings of the Judicial Conference of the United States, Sept. 22–23, 1965, p. 75.

a suggestion accepted by the legislature. *Id.,* at 210, 18 U. S. C. § 3006A (a). It is difficult to ascribe to Congress a purpose to extend the assistance of counsel to paupers in these ancillary matters but to withhold it when they petition for certiorari.

It is clear that the help of counsel was meant to be available during review by this Court both in filing for certiorari and on the merits. It cannot seriously be urged against this backdrop, that Congress intended to leave lawyerless those relatively infrequent and impecunious petitioners who request counsel only after courts of appeals have adversely decided their claims. In such situations as this one, the judicial function is to resolve ambiguous statutory language in light of the underlying purposes of the measure.

Since the applicant is entitled to counsel to aid in his preparation of his petition for writ of certiorari, the only question which remains is whether it is the duty of the court of appeals or of this Court to make an appointment. Given the existing apparatus of the courts of appeals for the purpose of appointing counsel for their impoverished appellants, it would seem to be little burden upon them to process applications such as this one. Also, local appointments would facilitate swift filings of those petitions within the time limits prescribed by Supreme Court Rule 22 (2). The conclusion that the duty to process these requests should lie with the courts of appeals, rather than this Court, has been suggested elsewhere. Boskey, The Right to Counsel in Appellate Proceedings, 45 Minn. L. Rev. 783 (1961).

I join the Court in remanding the case so that the Court of Appeals may reconsider the application. I agree that it should enter a new decree so that Doherty's time within which he may file his certiorari papers may run anew.