Paul George **HUTCHINS**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee.

Jan. 21, 1974.

R. Jerry Beck, Kingsport, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Kingsport, for defendant in error.

## OPINION

McCANLESS, Justice.

The defendant, Paul George Hutchins, was tried and convicted in the Criminal Court of Sullivan County of third degree burglary and was sentenced to not less than three nor more than five years in the state penitentiary. At the trial, the defendant was adjudged to be indigent, and counsel was appointed to represent him. The same court-appointed attorney perfected an appeal to the Court of Criminal Appeals, who affirmed the conviction. The attorney never filed a petition for the writ of certiorari seeking a review of the conviction by this Court.

The defendant now has filed his petition for post-conviction relief under Sections 40–3801 et seq., T.C.A. The issue which brings the case to this Court involves defendant's charge that his court-appointed attorney was incompetent in that he failed to seek a review of the case by the Supreme Court. At the evidentiary hearing on the post-conviction petition, testimony on this issue was meager. The only substantive portion reads:

"Q. Now, Paul, in your petition you said that the petitioner's lawyer was incompetent and did not perform his duty as required by Tennessee law and the Constitution of the United States in that said attorney—said Court appointed attorney failed to appeal the petitioner's conviction to the Tennessee Supreme Court. Is this the only thing that you think your lawyer did wrong, or was incompetent in any way?

"A. Yes, sir.

"The Court: His failure to appeal on to the Supreme Court?

"A. Yes, sir.

"Q. Did your attorney appeal it to the Criminal Court of Appeals down in Knoxville?

"A. Yes, sir.

"Q. Did you ask him to appeal it on—ask for certiorari to the Supreme Court?

"A. No, sir. I couldn't get in touch with him. I was in prison at the time.

"Q. Where were you being held at that time?

"A. Fort Pillow.

"Q. Fort Pillow. Did you write him a letter or . . . . . . . .

"A. No, sir. I didn't know his address."

The trial judge dismissed the defendant's petition. The Court of Criminal Appeals, however, found that an indigent defendant has a right to the aid of counsel in petitioning the Supreme Court for a writ of certiorari. The court was divided as to the proper remedy. The majority held that the court's original order affirming the burglary conviction should be vacated, then re-entered immediately so as to reinstate the forty-five day period for the filing of a petition for certiorari. The dissenting judge was of opinion that the proper remedy was to order a new trial for the defendant. We granted the state's petition for certiorari to determine whether the defendant has a right to assistance of counsel in petitioning for certiorari to the Supreme Court; and, if so, to determine the proper remedy to cure a violation of that right.

The State argues, first, that indigent defendants have no right to the aid of counsel in initiating and preparing petitions for certiorari to this Court, citing Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811 [1963], and Pennington v. Pate, 409 F.2d 757 [7th Cir. 1969], cert. denied 396 U.S. 1042, 90 S.Ct. 689, 24 L.Ed.2d 686 [1970]. The state's brief, and the opinion in Pennington v. Pate, supra, rely on the following language:

"We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the first appeal, granted as a matter of right to rich and poor alike (Cal.Penal Code §§ 1235, 1237), from a criminal conviction. We need not now decide whether California would have to provide counsel for an indigent seeking a discretionary hearing from the California Supreme Court after the District Court of Appeal had sustained his conviction (see Cal.Const., Art. VI, § 4c; Cal.Rules on Appeal, Rules 28, 29), or

whether counsel must be appointed for an indigent seeking review of an appellate affirmance of his conviction in this Court by appeal as of right or by petition for a writ of certiorari which lies within the Court's discretion. But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an 'invidious discrimination'. Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563; Griffin v. Illinois, supra, [351 U.S. 12] p. 18, 76 S.Ct. [585] p. 590 [100 L.Ed. 891]. Absolute equality is not required; lines can be and are drawn and we often sustain them. See Tigner v. Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124; Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163. But where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." Douglas v. California, supra, 83 S.Ct. 816.

The United States Court of Appeals for the Seventh Circuit quoted this language in denying the right to counsel to an indigent defendant seeking review by certiorari to the Illinois Supreme Court. The court referred to the Douglas v. California dictum as "the Supreme Court's explicit refusal . . . to extend the right of counsel to the second appeal stage." Pennington v. Pate, supra, at 760 of 409 F.2d. The court also observed:

"We find support for our decision in the present practice of the United States Supreme Court with regard to petitions for writs of certiorari. The United States Supreme Court's disposition of a petition for certiorari is as fully discretionary as the Illinois Supreme Court's decision to grant a Rule 315 appeal. Both determinations are made after one appeal as a right has occurred. If we were to hold for the petitioner here, we would be say-

ing a fortiori, the Supreme Court's present practice of not granting counsel for the purpose of preparing certiorari petitions is contrary to equal protection under the Constitution. This we are unwilling to do."

We must point out, however, that the quoted passage from Douglas v. California, supra, is dictum. It was not, in our opinion, an "explicit refusal . . . to extend the right of counsel." The question of extending the right of counsel to discretionary appeals was not before the Supreme Court in that case, and furthermore, the language has not withstood the test of time. The current policy in the federal courts, expressed in Doherty v. United States, 404 U.S. 28, 92 S.Ct. 175, 30 L.Ed. 2d 149 [1971], is to require court-appointed counsel to draft and file certiorari petitions for indigent defendants. Justice William O. Douglas, concurring in the *per curiam* opinion of the court, quoted in Doherty v. United States from the Report on Criminal Justice Act, 36 F.R.D. 285, 291 [1965]:

"[C]ounsel appointed on appeal should advise the defendant of his right to initiate a further review by the filing of a petition for certiorari, and to file such petition, if requested by the defendant."

The court in Doherty v. United States based its decision upon the Criminal Justice Act of 1964, 18 U.S.C., Sections 3006A(c), 3006A(d)(6), 3006A(g), and Fed.Rules Crim.Proc. 44(a). Rule 44(a) provides:

"Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him *at every stage of the proceedings* from his initial appearance before the commissioner or the court *through appeal,* unless he waives such appointment." (Emphasis added.)

The Criminal Justice Act, 18 U.S.C., Section 3006A(c), provides:

"A person for whom counsel is appointed shall be represented *at every stage of the proceedings* from his initial appearance before the United States magistrate or the court *through appeal* including ancillary matters." (Emphasis added.)

Our legislature has provided similar language in establishing the requirements of court-appointed attorneys who represent indigents in Tennessee. The principal statutes are these:

"40–2018. *Appointee to represent indigent throughout trial and appeal.*—Any attorney appointed to represent any person under the provisions of §§ 40–2014 —40–2028 shall proceed to counsel with and represent such person at all stages of the proceedings before the court which appointed him, *and also upon any appeal* from the judgment of such court which imposes a prison sentence." (Emphasis added.)

"40–2020. *Withdrawal of counsel— Appointment of successor.*—The court may, upon good cause shown, permit an attorney appointed under §§ 40–2014— 40–2028 to withdraw as counsel of record for the accused. If any attorney is permitted to withdraw, the court shall, in the manner contained in § 40–2017, immediately appoint another attorney in his place."

"40–2021. *Replacement by court.*— The court may upon its own motion replace any attorney appointed under §§ 40–2014—40–2028 if the court deems such action necessary to preserve the rights of the accused."

■ Our statute, like the federal statute and rule, does not separate "appeal" into proceedings before either the Court of Criminal Appeals or the Supreme Court. Instead, it uses the phrase "any appeal", which includes appeal by writ of certiorari to the Supreme Court as well as the first level appellate court. Doherty v. United States, supra. The concurring opinion in the *Doherty* case undoubtedly was influenced by the use by the Congress of the phrase "at every stage of the proceedings."

Under the facts in this case, the defendant's rights were violated at that stage of the proceedings at which his court-appointed attorney should have advised him of his additional avenues of appeal, and of the action the lawyer planned to take in the case. The attorney apparently abandoned his client without advice of any kind. Under these facts, the defendant was completely cut off from further appeal. Because of his attorney's action he was even denied the opportunity to file a *pro se* petition for certiorari before the statutory ninety days expired for filing the petition. His deprivation was just as complete as if he were required to pay for that which he could not afford, such as a filing fee or a transcript. Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 [1959]; Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 [1956].

> "[O]nce the state chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty. (Citations omitted.) This principal is no less applicable where the state has afforded an indigent defendant access to the first phase of its appellate procedure but has effectively foreclosed access to the second phase of that procedure solely because of his indigency." Burns v. Ohio, supra, 79 S.Ct. 1168.

We think the proper remedy to cure the violation of the defendant's rights is that adopted by the Court of Criminal Appeals, that is, the vacating of the appellate court's order affirming the conviction, and the reinstatement of the order so as to start anew the statutory period for filing of a petition for certiorari. That was the procedure used by the Supreme Court in Doherty v. United States, supra, 92 S.Ct. 176, 180:

> "It is by no means unusual for courts to grant out-of-time relief to a defendant in order that he may be allowed to use the appellate process previously denied him.

"This remedial procedure enables the parties, under circumstances warranting it, to have a fresh order entered from which they may prosecute an appeal to the proper Court." Lacaze v. United States, 457 F.2d 1075 [5th Cir. 1972]; see also Moye v. Highsmith, 460 F.2d 1388 [5th Cir. 1972].

Additional authority for this procedure lies in the case of State v. Davis, 3 Tenn. Cr.App. 625, 466 S.W.2d 237 [1971], certiorari denied March 1, 1971. There, the criminal defendant was denied his right to appeal because the court reporter was unable to produce a trial transcript within the statutory period for filing a bill of exceptions. The procedure adopted by the court was to remand the case to the trial court with directions that the defendant be re-sentenced, which would give the defendant a fresh period in which to file his bill of exceptions. The court quoted from People v. Callaway, 24 N.Y.2d 127, 299 N.Y.S.2d 154, 247 N.E.2d 128 [1969]:

> "The defendant herein is entitled to a hearing as to the truth of his allegation that his lawyer had lead him to believe that an appeal would be taken and that he reasonably relied on that assurance. If it be found upon the hearing that he was induced by reason of that representation, to allow his time to take an appeal to expire or that he was mislead as to his right to appeal, he should—in accordance with the procedure we have adopted—be re-sentenced nunc pro tunc upon the previous finding of guilt so as to afford him 'an opportunity of prosecuting and perfecting an appeal, since the time for taking such appeal would date from the rendition of the new judgment.'"

Presiding Judge Mark A. Walker said in concurring:

> "This petitioner is entitled either to a retrial or to be represented. A resentence will accomplish the appeal of which he claims he was unconstitutionally denied.

"Under T.C.A. 40–3818 the court may vacate and set aside the judgment and enter an appropriate order and any supplementary order necessary and proper. The appropriate order in this case is that the defendant be resentenced." State v. Davis, supra, at pages 240, 241, of 466 S.W.2d. See also Section 40–3820, T.C.A.; United States v. Smith, 387 F.2d 268 [6th Cir. 1967].

We affirm the judgment of the Court of Criminal Appeals.

DYER, C. J., FONES, J., and LEECH and JENKINS, Special Justices, concur.