**Harold Ray MOULTRIE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 22, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

Walker Gwinn, Asst. Public Defender, Charles E. Baucum, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert H. Roberts, Advocate Gen., Michael S. Long, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DAUGHTREY, Judge.

This case is before us on appeal from an order of the Shelby County Criminal Court denying appellant's post-conviction petition after an evidentiary hearing in the trial court.

The appellant was convicted in the same court on January 27, 1971 of burglary in the second degree and sentenced to serve three to eight years in the penitentiary. This motion for a new trial was overruled on February 26, 1971 and on March 11, 1971 he was declared indigent and granted an appeal from the judgment of conviction. However, the technical record fails to show whether an attorney was appointed to represent him at that time and thus we must assume despite this determination of indigency that his retained counsel continued to represent him on appeal. The judgment of the trial court was affirmed in an opinion of the Court of Criminal Appeals filed on February 24, 1972 (*Harold Ray Moultrie v. State of Tennessee*, Shelby County No. 53). No petition for certiorari to the Tennessee Supreme Court was filed by Moultrie or by his attorney on his behalf, and it is this circumstance of which he now complains.

The appellant filed a post-conviction petition on March 7, 1973 and counsel was appointed for him on April 19, 1973. The State filed a motion to dismiss the petition that was sustained on May 31, 1973, and on that date the petition was dismissed without an evidentiary hearing. On appeal of that order, the ruling of the trial judge was reversed on June 13, 1974 and remanded for an evidentiary hearing in the trial court. Writing for this Court, Judge Russell ruled that an evidentiary hearing should have been held to determine whether the petitioner's retained attorney had, as alleged, "abandoned him without a word in the midstream of the appellate process," and further holding that "such representation would be farcical and the processes of justice mocked [thereby]," in violation of the accused's right to effective assistance of counsel. *Harold Ray Moultrie v. State of Tennessee*, Shelby County No. 16, filed June 13, 1974.

The State sought certiorari review of Judge Russell's opinion but on June 30, 1975

the Supreme Court denied the State's petition in a *per curiam* order that noted the Supreme Court's intervening opinion in *Baxter v. Rose*, 523 S.W.2d 930 (May 19, Tenn.1975). The case was remanded to the trial court for an evidentiary hearing to determine whether the appellant's right to effective assistance of counsel had been denied, as measured by the standard just announced in *Baxter*.

On remand to the trial court, the appellant testified that his trial attorney had been retained by a co-defendant and that the lawyer had never actually received a fee from the appellant. He said that his last communication with his attorney followed the imposition of judgment upon conviction by the jury, at which time the appellant requested his attorney to appeal his case, and, according to the appellant, the lawyer agreed to take the case to the State Supreme Court if necessary. He said that he never heard from his attorney again, and learned that his conviction had been affirmed by the Court of Criminal Appeals only by reading a newspaper account of the Court's opinion. The appellant offered into evidence copies of correspondence, including an November 8, 1972 letter to his attorney asking for the transcript of the trial, and an February 11, 1973 letter to the Criminal Court of Appeals Clerk requesting information concerning the disposition of his appeal and a copy of any opinion issued in the case.

The testimony of the appellant's trial attorney corroborates the fact that he was hired and paid by the appellant's co-defendant, and that he told the appellant after conviction that the judgment could be appealed to the Court of Criminal Appeals and to the Tennessee Supreme Court. He testified that he did not file a petition for review of the intermediate appellate court's judgment because he was contacted by telephone by two of the appellant's close relatives ("a sister or, a wife, or an aunt") whose names he was unable to recall at the hearing. These relatives purportedly told the attorney that the appellant wanted his appeal dropped because he was to be con-

sidered for parole and he could not "make the Parole Board when an appeal is pending." The attorney admitted that he did not confirm this fact with his client, nor did he notify the appellant that he was not going to take any further action in the case.

At the close of the proof the trial judge denied the petition, but apparently the bill of exceptions fails to set out his entire finding:

> THE COURT: (PART OF COURT'S RULING INAUDIBLE DUE TO MALFUNCTION OF MACHINE) The Court is, feels, that he has been well qualified to handle any Criminal Court matters. The question of a speedy trial is overruled. The petition for Habeas Corpus is overruled.

The trial judge had been ordered by the Tennessee Supreme Court to apply the standards of *Baxter v. Rose* to the facts of this case, as he found them to be. We assume that he complied with the Court's order, but we are unable to determine conclusively that he did so, based on the inadequacy of the ruling set out above. And reviewing the record before us, we reach the conclusion that some relief is due this appellant.

In *Baxter* the Tennessee Supreme Court rejected the "farce and mockery" standard traditionally utilized to determine whether retained counsel had rendered effective assistance in a criminal case. The Court held instead that "the advice given, or the services rendered by the attorney" must be "within the range of competence demanded of attorneys in criminal cases." 523 S.W.2d at 936. The Court further held that "the standards . . . relating to the effective assistance of counsel, apply with equal force to privately retained counsel and counsel appointed to represent the indigent." *Id.* at 938. The *Baxter* opinion does not contain rigid standards or specific guidelines, but requires instead "reasonable competence" by attorneys on behalf of criminal clients. *Id.* at 936.

Under these principals, we must determine whether the appellant's right to effective assistance of counsel under the Sixth

Amendment has been adequately protected in this case. At the hearing below, the defendant argued in essence that the effect of *Baxter* is to extend to the non-indigent defendant the indigent's right to second tier appellate review, as mandated by *Hutchins v. State*, 504 S.W.2d 758 (Tenn.1974) and reaffirmed in *State v. Williams*, 529 S.W.2d 714 (Tenn.1975). However, this argument overlooks the fact that the opinions in *Hutchins* and *Williams* were predicated not on general constitutional grounds, but rather upon the specific statutory requirement of T.C.A. § 40–2018:

> *Appointee to represent indigent throughout trial and appeal.*—An attorney appointed to represent any person under the provisions of §§ 40–2014—40–2028 shall proceed to counsel with and represent such person at all stages of the proceedings before the court which appointed him, and also upon any appeal from the judgment of such court which imposes a prison sentence.

In the absence of a directive from the Supreme Court, we are reluctant to hold that the effect of the opinion in *Baxter* was to extend the application of T.C.A. § 40–2018 to retained counsel when the legislative intention to limit its provisions to court-appointed attorneys is so clear.

We note also that while the appellant was declared indigent prior to perfecting his appeal of the original conviction, the record fails to reflect that any attorney was ever *appointed* to represent him. Thus, technically the statute is inapplicable to this particular indigent defendant.

The uncontradicted proof was that the attorney failed to file a petition for certiorari despite the clear understanding with his client that this action would be taken. In doing so, he unilaterally terminated the defendant's appeal without notice and thus deprived his client of the opportunity to secure substitute counsel. Was his professional conduct reasonable under all the circumstances? We are unable to say conclusively that it was.

Assuming that relatives of the defendant had communicated by telephone the client's desire to abandon an appeal, we believe reasonable competence demands that this fact be confirmed, preferably in writing, with the client. In this regard we note that the ABA Standards Relating to the Defense Function, endorsed by the *Baxter* Court as relevant in the determination of professional competence, provide in § 3.8 that "(t)he lawyer has a duty to keep his client informed of the developments in the case and the progress of preparing the defense." While this rule of competent representation may be commendable as a matter of routine practice, we think it is *vital* when the defense "progresses" to the point of actual termination, with the effect of cutting off the possibility of taking further action which might, if pursued, benefit the client.

We note further that the ABA Standards require the lawyer to "take whatever steps are necessary to protect the defendant's right of appeal." *Id.* § 8.2. If this standard of professional competence means anything, it must mean that the attorney should not act to terminate the possibility of appeal without firm assurance from his client that this is the course of action he or she wishes to pursue. In short, we think the practice of unilateral termination of an appeal, without confirmation from the client, violates the *Baxter* standard and deprives the defendant in a criminal case of his right to effective assistance of counsel.

Accordingly, the judgment of this Court in the case of *Harold Ray Moultrie v. State of Tennessee*, Shelby County Criminal No. 53, entered on February 24, 1972, is hereby vacated and we re-enter the judgment as of this date for the purpose of re-establishing the statutory period for the filing of a petition for certiorari to the Supreme Court.

DWYER and O'BRIEN, JJ., concur.