# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 27, 2001 Session

## ROGER HARRIS v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Unicoi County
No. 4280     Lynn W. Brown, Judge

_____

### No. E2001-00782-CCA-R3-PC
### August 22, 2002
_____

Petitioner appeals the trial court's denial of post-conviction relief. On appeal, petitioner alleges (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) he was unconstitutionally denied bail, and (4) the indictment against him for first degree murder was unconstitutionally amended. We grant petitioner a delayed appeal, and we stay further proceedings on his remaining post-conviction claims.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed in Part; Delayed Appeal Granted; and Post-Conviction Appeal Stayed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Kenneth F. Irvine, Jr., Knoxville, Tennessee, for the appellant, Roger Harris.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Kenneth C. Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 27, 1991, petitioner Roger Harris was convicted of first degree murder and reckless endangerment with a deadly weapon. The convictions were affirmed on direct appeal. State v. Harris, No. 03C01–9201-CR-19, 1992 WL 171368 (Tenn. Crim. App., filed July 23, 1992, at Knoxville). No Rule 11 application for permission to appeal to the Tennessee Supreme Court was filed. On March 15, 1995, petitioner filed a pro se petition for post-conviction relief. The public defender's office was appointed to represent him, and two amendments were filed to the original petition. The State filed a motion to dismiss and answer on August 19, 1996. Both the State and petitioner concede that this case has been continued numerous times for various reasons.

On September 22, 1997, new counsel for petitioner filed an entry of appearance in the case after being retained by petitioner's family. On September 29, 1997, Judge Lynn W. Brown

wrote to new counsel informing him that the public defender was still counsel of record for petitioner. The trial court stated that he would allow substitution if new counsel was prepared to go forward with the evidentiary hearing set for October 17, 1997. At that hearing, the trial court ordered that the substitution of counsel could occur if petitioner's family would reimburse the public defender in the amount of $500.00. This Court subsequently ordered that the trial court could not require petitioner's family to pay $500.00 to the public defender's office. Harris v. State, No. 03C01-9712-CR-00516, 1999 WL 39503, at *2 (Tenn. Crim. App., filed Jan. 28, 1999, at Knoxville). Following this decision, the trial court allowed new counsel to be substituted.

On August 19, 1999, petitioner, through his new counsel, filed an amended petition for post-conviction relief alleging that he suffered ineffective assistance of counsel at trial and on appeal. The trial court dismissed the petition for failure to verify the petition by oath or affirmation. On July 28, 2000, this Court reversed the trial court's dismissal of petitioner's petition. Harris v. State, No. E1999-02056-CCA-R3-PC, 2000 WL 10381221 (Tenn. Crim. App., filed July 28, 2000, at Knoxville). Following this Court's remand, the State filed an answer to the petition on January 5, 2001. The trial court conducted an evidentiary hearing on March 5, 2001. The trial court ultimately denied petitioner relief. A timely notice of appeal followed on March 30, 2001.

## Facts

Because we have concluded that the petitioner is entitled to a delayed appeal, we limit our recitation of facts to those pertinent to that holding. Trial counsel represented petitioner on direct appeal. At the post-conviction hearing, petitioner testified that after this Court rejected his direct appeal, trial counsel came to see him in the jail and told him that the next step was to file an appeal with the Tennessee Supreme Court. If that was unsuccessful, trial counsel said that he would file a petition for post-conviction relief. However, petitioner stated that trial counsel never filed an appeal to the Tennessee Supreme Court and never informed petitioner that he was not going to file an appeal to the Tennessee Supreme Court.

Trial counsel testified that he had been practicing law for thirty-two years and that at least 95% of his practice was criminal defense. He stated that during that time he had been counsel in excess of fifty homicide cases. Due to the lapse of time between petitioner's trial and the post-conviction hearing, trial counsel had limited recollection about the case and stated that he was unable to find his file from petitioner's case. Notwithstanding, trial counsel testified about his general course of practice. Trial counsel stated that he met with petitioner at Northeast Correctional Center after this Court denied petitioner relief on direct appeal. Although he could not recall the substance of the conversation, trial counsel maintained that if he promised to file an appeal with the Tennessee Supreme Court, he would have done so. He reasoned that because he never filed an appeal with the Supreme Court, he must not have promised to do so.

**Analysis**

Petitioner complains that appellate counsel failed in his representation of petitioner on appeal for various reasons, among them is petitioner's claim that counsel was deficient for failing to appeal to the Tennessee Supreme Court. Therefore, we must first determine whether a delayed appeal to the Tennessee Supreme Court is appropriate relief because such relief would preclude this Court from addressing the merits of the petitioner's post-conviction appeal. See Tenn. Sup. Ct. R. 28 § 9(D).

Petitioner submits that he is entitled to a delayed appeal because trial counsel did not properly comply with Rule 14 of the Tennessee Supreme Court Rules regarding withdrawal of an attorney of an indigent client. However, the record reflects that trial counsel was retained by the petitioner's family, and there was no finding of indigency for the purposes of representation during trial or on direct appeal. Nonetheless, we conclude that the dispositive issue in this case is not whether counsel was retained or appointed but whether the petitioner was notified by counsel that no appeal would be sought.

We acknowledge that State v. Brown, 653 S.W.2d 765, 767 (Tenn. Crim. App. 1983), and its progeny provide for a delayed appeal based upon Supreme Court Rule 14, which expressly refers to indigent petitioners. However, this Court reiterated, post-Brown, that a delayed appeal should also be granted where the petitioner is denied the opportunity to pursue an appeal in the Tennessee Supreme Court through no fault of his own. See Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984) (citing Moultrie v. State, 542 S.W.2d 835, 838 (Tenn. Crim. App. 1976)).

As we originally recognized in Moultrie v. State, the "unilateral termination of an appeal, without confirmation from the client, . . . deprives the defendant in a criminal case of his right to effective assistance of counsel." 542 S.W.2d at 838. In Moultrie, retained counsel "failed to file a petition for certiorari despite the clear understanding with his client that this action would be taken." 542 S.W.2d 835, 838 (Tenn. Crim. App. 1976). This Court recognized that "in doing so, [counsel had] unilaterally terminated the defendant's appeal without notice and thus deprived his client of the opportunity to secure substitute counsel." Id. Likewise, the instant petitioner's direct appeal was unilaterally terminated following first-tier review by this Court.

Petitioner testified that trial counsel promised petitioner that trial counsel would appeal to the Tennessee Supreme Court. Trial counsel did not have any recollection regarding this matter but stated that if he promised petitioner that he would appeal, then he would have appealed. However, trial counsel did not testify that he had notified petitioner that no appeal would be sought. Therefore, it appears that although nothing was promised to petitioner, petitioner was still never notified by counsel that he did not intend to file an appeal. As such, we conclude that any potential appeal following first-tier review was terminated through no fault of petitioner. As we stated, infra, the "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal." Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984). Accordingly, the petitioner is entitled to a delayed appeal.

**CONCLUSION**

We conclude that the petitioner was unilaterally deprived of his right to seek review by the Tennessee Supreme Court pursuant to Rule 11, T.R.A.P. Accordingly, we grant the petitioner a delayed appeal to seek Rule 11 review. Pursuant to Tennessee Supreme Court Rule 28 § 9(D), the petitioner's post-conviction proceedings are stayed pending the final deposition of the delayed appeal to seek such review.

_____
JOHN EVERETT WILLIAMS, JUDGE