IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION

FILED

October 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS A. MILES, | ) | |
| | ) | C.C.A. NO. 03C01-9701-CC-00029 |
| Appellant, | ) | |
| | ) | JEFFERSON COUNTY |
| VS. | ) | |
| | ) | HON. BEN HOOPER, II, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


O. DUANE SLONE                        JOHN KNOX WALKUP
   - and -                           Attorney General & Reporter
REBECCA D. SLONE
P.O. Box 1088                        SANDY R. COPOUS
Dandridge, TN  37725                 Asst. Attorney General
                                     450 James Robertson Pkwy.
                                     Nashville, TN  37243-0493

                                     AL C. SCHMUTZER, JR.
                                     District Attorney General

                                     JAMES GASS
                                     Asst. District Attorney General
                                     Sevier County Courthouse
                                     Suite 301
                                     Sevierville, TN  37862


OPINION FILED:_____



TRIAL COURT REVERSED, REMANDED
FOR NEW SENTENCING HEARING; PRIOR
OPINION VACATED AND REINSTATED


JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner was convicted of aggravated robbery on October 29, 1991. Following a sentencing hearing, he was sentenced as a Range II multiple offender to twenty years in the Tennessee Department of Correction. His conviction was affirmed by this Court on May 18, 1993.[1] The petitioner then filed a pro se petition for post-conviction relief on November 8, 1993. Counsel was appointed and an amended petition was subsequently filed. After a hearing on September 13, 1996, the post-conviction court denied any relief to the petitioner. It is from this denial that he now appeals.

The petitioner alleges that he was denied his right to be tried by a fair and impartial jury and that his trial counsel were ineffective in their representation. After a review of the record, we find that the petitioner's trial counsel were ineffective in that they failed to present any mitigating factors at the petitioner's sentencing hearing and that they failed to file a timely application for permission to appeal to the Supreme Court. Therefore, we remand the case to the trial court for resentencing, and, for purposes of the delayed appeal, we vacate our judgment in case number 03C01-9207-CR-00243, dated May 18, 1993, and reinstate it as of the date of release of this opinion.

The facts underlying the petitioner's conviction are as follows. On the night of February 18, 1991, two men forced their way into the home of Eva Miles. While one man tied Ms. Miles' hands and feet and beat her repeatedly, the other began to go through the house taking items. Ms. Miles testified at trial that although the men were wearing masks, she had no doubt that the one searching the house was her son, the petitioner. A jury found the petitioner guilty of aggravated robbery but acquitted his

---

[1]See State v. Thomas A. Miles, No. 03C01-9207-CR-00243, Jefferson County, (Tenn. Crim. App. filed May 18, 1993, at Knoxville).

codefendant Donald Cox. The petitioner was represented by Heiskell Winstead and Terry Stewart, an attorney who shared office space with Mr. Winstead.

In this post-conviction proceeding, the petitioner first contends that his constitutional rights were violated because he was not tried by a fair and impartial jury. The petitioner claims that because a juror made some sort of gesture toward Kippy Miles, the petitioner's brother and a witness for the State, the petitioner was not tried by a fair and impartial jury. The trial transcript reveals that immediately prior to opening statements, Mr. Winstead told the court that he had just been informed that one of the jurors had made a "note gesture" toward Kippy Miles[2] when the juror entered the room. The trial judge responded that Mr. Winstead could explore the subject as it unfolded. However, the juror and her alleged gesture were never mentioned again.

In the petitioner's brief, he argues that this gesture "certainly gives rise to a suspicion of prejudice or bias." He further suggests that the juror may have been untruthful with the court when she stated that she did not know any of the parties involved in the case.

At the post-conviction hearing, Mr. Winstead testified that the subject of the gesture was not explored beyond his calling it to the court's attention. He testified that he did not ask to reopen the examination of the juror or to challenge her. He further testified that he did not see the alleged gesture and that he had no other information regarding it.

The petitioner's post-conviction attorney informed the court that she had

_____

[2]"Note gesture" was the term used at trial by Mr. Winstead to describe the alleged gesture made by the juror. At the post-conviction hearing, no one could offer an explanation as to the meaning of this term.

searched diligently for the juror but had been unable to locate her. She also told the court that she had spoken with Kippy Miles about the incident and he had no memory of such a gesture. In fact, the attorney stated, "There's no evidence as to whether the juror was successful or not in getting [Kippy Miles'] attention, or talking to him, or whatever, and he just simply doesn't remember one way or another either."

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In this case, the post-conviction court judge found that the petitioner failed to prove that he was denied the right to a fair and impartial jury. We find no reason to disturb the court's conclusion. The petitioner failed to carry his burden in that he failed to show any impropriety on the part of the jury. This issue is without merit.

The defendant next complains that his defense counsel at trial were ineffective. Specifically, he claims that defense counsel were ineffective in failing to follow through with the complaint against one of the jurors, failing to raise any mitigating factors at the sentencing hearing, failing to properly appeal the sentencing issue to this Court, and failing to timely file an application for permission to appeal to the Supreme Court.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a

4

claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

First the petitioner claims that Mr. Winstead was ineffective for his failure to further pursue the alleged gesture made by a juror toward Kippy Miles. As discussed above, this issue is without merit. The petitioner fails to prove that Mr. Winstead's representation, as it related to this matter, was below the objective standard of reasonableness and that he was prejudiced by such representation. The petitioner presented no evidence at the post-conviction hearing to support this claim of ineffective assistance.

The petitioner next claims that his defense counsel were ineffective for failing to present any mitigating factors at the sentencing hearing. The transcript of the sentencing hearing reflects that the petitioner was mainly represented by Mr. Stewart. Mr. Stewart told the trial judge that he had no evidence to offer at the sentencing hearing, but that the petitioner did want to make a statement. At that time, the State requested that the victim, the petitioner's mother, be allowed to make a statement as well. Mr. Stewart made no objection and Ms. Miles took the stand. She told the court that her son was a pathological liar and had been that way for some time. She said he lived in a dream world and could not tell truth from fantasy. She then told the court that during the time she was robbed, her son never struck her. She said the codefendant had been the one who beat her. She also asked the judge to get some help for her son. Ms. Miles was not questioned by either the State or Mr. Stewart; she simply stated the above to the court. The petitioner then took the stand and reiterated to the court that he was innocent

5

of the crime for which he had been convicted. The defendant was then sentenced as a Range II multiple offender to twenty years, the maximum sentence.

In this post-conviction proceeding, the petitioner claims that Mr. Stewart was ineffective for not presenting any mitigating evidence to the trial court. He claims that at least five mitigating factors could have applied and should have been presented to the trial court for consideration. The post-conviction court found that there were no mitigating factors to present because the petitioner had maintained his innocence, thus preventing the use of mitigating factors.

We cannot agree with such reasoning. The petitioner, although maintaining his innocence, could have presented mitigating evidence through testimony of persons other than himself. The presentation of mitigating factors does not equate with an admission of guilt. After a review of the testimony at trial and of the testimony from the post-conviction hearing, we conclude that at least one of the petitioner's suggested mitigating factors may apply. Thus, that Mr. Stewart failed to present evidence of any mitigating factors was prejudicial to the petitioner. We note that although there is no requirement that defense counsel present mitigating evidence, it is clear that Mr. Stewart should have presented evidence for the court's consideration. The sentencing judge obviously did not consider any mitigating factors as he sentenced the petitioner to the maximum sentence. Thus, we conclude that the petitioner was prejudiced by Mr. Stewart's failure to offer mitigating evidence, and remand this cause to the trial court for a second sentencing hearing.

The petitioner also claims that Mr. Stewart was ineffective in his representation of the petitioner on appeal. Apparently, Mr. Stewart failed to properly brief the issue of sentencing by failing to cite any authority for his assertion that the petitioner's

6

sentence was inappropriate. As a result of his failure to cite any authority, a panel of this Court refused to evaluate the issue and deemed it waived. Since we have remanded this cause for a second sentencing hearing, the issue of Mr. Stewart's effectiveness on appeal is moot. The petitioner has already been awarded a new sentencing hearing which will cure any prejudice he may have suffered due to the inadequate appellate brief.

The petitioner's final contention is that his trial counsel were ineffective in that they failed to file a timely application to appeal to the Supreme Court. At the petitioner's post-conviction hearing, Mr. Stewart testified that while Mr. Winstead had performed much of the trial work, he [Mr. Stewart] had been responsible for the appellate work. He further testified that shortly after this Court affirmed the petitioner's conviction and sentence, he [Mr. Stewart] had contracted a debilitating disease that required him to be hospitalized for approximately two months. Mr. Stewart admitted that because of his illness, he failed to file a timely application to the Supreme Court. Upon his recovery, Mr. Stewart did file an application with the Court, but the Court refused to consider the application due to its untimeliness.

While we do not discount Mr. Stewart's grave illness, we cannot ignore the fact that this petitioner was entitled to petition the Supreme Court to review his conviction. Tennessee case law provides that "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal." Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App. 1984). See also Moultrie v. State, 542 S.W.2d 835 (Tenn. Crim. App. 1976). Furthermore, Tennessee case law indicates that it is not necessary to consider whether any of the issues to be raised on appeal have any merit. See Pinkston, 668 S.W.2d 676. See also State v. Brown, 653 S.W.2d 765 (Tenn. Crim. App. 1983); State v. Hopson, 589 S.W.2d 952 (Tenn. Crim.

App. 1979). "In fact, in the context of the failure to preserve the right to seek supreme court review of this court's opinion, we believe that it would be particularly inappropriate for either a trial court or this court to assess the merits of or predict the outcome of a Rule 11, T.R.A.P., application for permission to appeal." Jonathan A. Hyler v. State, No. 01C01-9511-CR-00362, Davidson County (Tenn. Crim. App. filed Sept. 19, 1996, at Nashville), cert. denied, March 3, 1997. Thus, we conclude, as conceded by the State, that the petitioner was denied his right to seek second-tier review of his conviction, and as a result, he is now entitled to a delayed appeal.

For the foregoing reasons, we affirm the court's denial of the petitioner's post-conviction relief in terms of vacating his conviction. However, the petitioner should be allowed to seek review by the Supreme Court on a delayed basis. Therefore, we vacate our judgment in case number 03C01-9207-CR-00243, dated May 18, 1993, and reinstate it as of the date of release of this opinion. We also remand this cause to the trial court for a new sentencing hearing in order that mitigating evidence may be considered.

_____

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
CURWOOD WITT, Judge